Gaston, Judge.
 

 The exception taken below to that part of the judge’s instruction which held that the plaintiff was not barred of his recovery by reason of an election to take the negro Charlotte under the will of Richard Russel, has very properly been given up here. The rule of election in the sense in which it is insisted on by the defendant, is confined exclusively to courts exercising equitable jurisdiction, which have it in their power to restrain men from the unconscientious assertion of acknowledged legal rights. They hold that it is against conscience for a man to take a benefit under a will or other instrument, and at the same time disappoint other plain provisions of that will, made in favour of third persons. Of course, he may keep, if he pleases, what was before his own; for the mistake of the donor cannot take away his property; -but if he will insist on enjoying the interest given him by the instrument, they will by proper decree provide, that so enjoying it hé shall give
 
 effect
 
 as far as he can to the other provisions of the instrument. It is not perceptible to us that
 
 any
 
 case for an election has been made out; but however that may be, the
 
 law
 
 certainly raises no election in this case.
 

 The exception taken to the residue of the judge’s instruction must also, we think, be overruled. If the slaves in controversy were not held by Richard Russel as his property, but were merely in his occupancy as in that of the bailee of the plaintiff, it is very clear that they were not comprehended in the bequest to his residuary legatees, and
 
 *21
 
 did not vest by law in his executors. The construction of the act of 1784
 
 (Rev. ch.
 
 225, s. 7,) must now be considered as. perfectly settled. A long series of decisions has established that under
 
 that
 
 act a parol gift of slaves may be good against all persons except the creditors of the donor, or purchasérs from him. See
 
 Knight
 
 v.
 
 Thomas,
 
 1 Hay. 289.
 
 Cutler
 
 v.
 
 Spiller,
 
 2 Hay. 62.
 
 Latham
 
 v.
 
 Outen,
 
 Ibid. 66. An
 
 Anonymous Case,
 
 Ibid. 87.
 
 West
 
 v.
 
 Dubberly,
 
 N. C. Term Rep. 38.
 
 Sherman
 
 v.
 
 Russel,
 
 1 Car. Law Repos. 467.
 
 M‘Kee
 
 v.
 
 Houston,
 
 3 Murph. 429.
 
 Watford
 
 v.
 
 Pitt,
 
 3 Murphy, 468.
 
 Lynch
 
 v.
 
 Ashe,
 
 1 Hawks, 338.
 
 Rhodes
 
 v.
 
 Holmes,
 
 2 Hawks, 193.
 

 Per Curiam. Judgment affirmed.